UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGGIE BAGALA | CIVIL ACTION |
| VERSUS | NO: 18-956 |
| LAFOURCHE PARISH GOVERNMENT, ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court are two *Motions to Dismiss* (Rec. Docs. 25, 26) filed by Defendants, Lafourche Parish Government and Jimmy Cantrelle. Plaintiff, Reggie Bagala, opposes both motions (Rec. Doc. 27). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises out of Plaintiff's termination from his position as the Parish Administrator for the Lafourche Parish Government. On November 16, 2016, Jimmy Cantrelle, the Lafourche Parish President ("Mr. Cantrelle"), asked Plaintiff to make "polling" phone calls to various Lafourche Parish council members regarding a potential change in the Lafourche Parish employee health insurance contract. After calling two council members, Plaintiff informed Mr. Cantrelle that he would not make any more calls because he believed the calls violated the Louisiana Open Meetings Law.

1

On December 2, 2016, the Lafourche Parish Council directed the Lafourche Parish District Attorney to investigate whether the calls were unlawful. Plaintiff alleges that he participated in the investigation by speaking with the District Attorney. Ultimately, the District Attorney concluded that there was not a factual basis for criminal charges against Mr. Cantrelle. On January 31, 2017, Mr. Cantrelle fired Plaintiff from his position as the Parish Administrator. Although Plaintiff was subsequently appointed by the Lafourche Parish Council as the Legislative Auditor, Plaintiff alleges that his new salary is substantially lower, and he has fewer benefits.

On January 31, 2018, Plaintiff filed the instant lawsuit against the Lafourche Parish Government (the "LPG") and Mr. Cantrelle, individually and in his official capacity as Lafourche Parish President, under 42 U.S.C. § 1983, alleging that Plaintiff was terminated in retaliation for exercising his First Amendment rights. Specifically, Plaintiff alleges that Defendants infringed his freedom of speech after he spoke out against Mr. Cantrelle. In addition, Plaintiff alleges that Defendants violated the Louisiana Whistleblower Statute by firing him after he voiced his opinion that Mr. Cantrelle's conduct violated the Louisiana Open Meetings Law.

Thereafter, Mr. Cantrelle and the LPG filed separate motions to dismiss for failure to state a claim, which Plaintiff opposed. This Court heard oral argument on May 16, 2018 and ruled that Plaintiff failed to state a claim against Defendants. However, the Court permitted Plaintiff to file an amended complaint curing the deficiencies within fourteen days. Plaintiff filed his amended complaint one day late.

Subsequently, Mr. Cantrelle and the LPG again filed separate motions to dismiss for failure to state a claim, which Plaintiff opposes.

## PARTIES' ARGUMENTS

1. **Defendant Jimmy Cantrelle's Motion**

Mr. Cantrelle argues that all of Plaintiff's claims should be dismissed because his Amended Complaint fails to state a claim upon which relief can be granted. (Rec. Doc. 25). Mr. Cantrelle raises three arguments in support of this position.

First, Mr. Cantrelle argues that Plaintiff has not alleged any set of facts that establish a claim for First Amendment employment retaliation under 42 U.S.C. § 1983 because his speech was not constitutionally protected and, even if it was entitled to protection, Mr. Cantrelle has qualified immunity because his actions were objectively reasonable. (Rec. Doc. 25 at 1). Mr. Cantrelle emphasizes that Plaintiff merely amended his complaint to state that he was engaging in speech as a "citizen" instead of as a "Public Official" as the complaint previously indicated. (Rec. Doc. 25-1 at 4). Mr. Cantrelle argues that because Plaintiff's speech does not meet any of the criteria outlined in *Lane v. Franks*, 134 S.Ct. 2369, 189 L.Ed. 2d 312 (2014), it is properly classified as employee speech and is not protected by the First Amendment. (Rec. Doc. 25-1 at 4, 5). Specifically, Mr. Cantrelle asserts that Plaintiff's speech about Mr. Cantrelle and the Open Meetings Law is not "truthful" like the speech in *Lane*— which involved conviction on multiple criminal charges—because investigations conducted by the District Attorney and the Louisiana Board of Ethics yielded no grounds to bring charges against Mr. Cantrelle for his conduct. (Rec. Doc. 25-1 at 5).

Additionally, Mr. Cantrelle contends that unlike the speech at issue in *Lane*, Plaintiff's speech was not "sworn testimony." (Rec. Doc. 25-1 at 6). Plaintiff did not allege in his Amended Complaint that he was compelled to speak. (Rec. Doc. 25-1 at 6). Finally, Mr. Cantrelle argues that Plaintiff's speech differs from the speech at issue in *Lane* in that it was pursuant to his job as Parish Administrator. (Rec. Doc. 25-1 at 6). Specifically, Mr. Cantrelle asserts that (1) Plaintiff's duties included reporting impropriety, (2) the District Attorney to whom Plaintiff reported Mr. Cantrelle's conduct is within the chain of command, and (3) assisting with an investigation into workplace conduct constitutes employee speech. (Rec. Doc. 25-1 at 7 to 12).

Second, Mr. Cantrelle contends that Plaintiff's whistleblower claim must be dismissed because Plaintiff has not alleged any set of facts that satisfy the criteria of La. R.S. 23:967. (Rec. Doc. 25 at 2). Mr. Cantrelle asserts that Plaintiff's new allegation that Plaintiff "discuss[ed]" the matter with unidentified others is fatally vague for its failure to identify the "who, what, and when" of the alleged speech. (Rec. Doc. 25-1 at 12). Moreover, Mr. Cantrelle points out that Plaintiff failed to allege how Mr. Cantrelle allegedly learned about these unspecified discussions. (Rec. Doc. 25-1 at 13).

Finally, Mr. Cantrelle argues that Plaintiff's new theory of recovery based on a provision of the Louisiana Code of Governmental Ethics must be dismissed because La. R.S. 42:1169 does not provide a private right of action for a plaintiff to sue in state or federal court. (Rec. Doc. 25 at 2, Rec. Doc. 25-1 at 3).

## 2. Defendant Lafourche Parish Government's Motion

The LPG argues that this Court should dismiss Plaintiff's First Amended Complaint in its entirety because it does not overcome the deficiencies that prompted the dismissal of Plaintiff's original Complaint. (Rec. Doc. 26-1 at 1). The LPG first asserts that dismissal is appropriate because Plaintiff has failed to plead a claim for First Amendment retaliation. (Rec. Doc. 26-1 at 4). The LPG echoes Mr. Cantrelle's contention that Plaintiff's labeling of the speech at issue as "citizen" rather than "Public Official" does not remedy his failure to set forth facts showing a violation of his First Amendment rights. (Rec. Doc. 26-1 at 4, 5). The LPG argues that dismissal is appropriate for each of the four categories of speech upon which Plaintiff bases his retaliation claim because they constitute employee speech. (Rec. Doc. 26-1 at 7). First, the LPG avers that Plaintiff's objection to Mr. Cantrelle regarding the phone calls to council members is deemed employee speech under *Wilson v. Tregre*. (Rec. Doc. 26-1 at 7). The LPG notes that this Court previously dismissed this theory and urges the Court to do so again. (Rec. Doc. 26-1 at 7).

Second, the LPG asserts that Plaintiff's alleged contact with the District Attorney's office immediately after his objection to Mr. Cantrelle fails to state a claim for retaliation because Plaintiff does not identify who he talked to or what he said. (Rec. Doc. 26-1 at 7). Nevertheless, the LPG emphasizes that in light of Plaintiff's allegation that he "immediately" contacted the District Attorney's office after voicing his concerns to Mr. Cantrelle, it appears that Plaintiff made this contact "while he was at work, during work hours, using a work phone (presumably), and about a work

5

issue." (Rec. Doc. 26-1 at 7). The LPG also notes that pursuant to his position as Chief Administrator of the Parish, Plaintiff had a responsibility "to ensure that Parish business was carried out according to law." (Rec. Doc. 26-1 at 8). The LPG further asserts that as general counsel for the Parish and the Parish President, the District Attorney is not outside the chain of command for Parish employees. (Rec. Doc. 26-1 at 8). Accordingly, the LPG argues that Plaintiff's allegations lead to the conclusion that Plaintiff contacted the District Attorney's office as part of his duty to faithfully execute state laws and not as a citizen. (Rec. Doc. 26-1 at 8). Moreover, the LPG contends that Plaintiff failed to show that Mr. Cantrelle retaliated against Plaintiff because of the contact he allegedly made with the District Attorney's office immediately after the phone calls at issue because Plaintiff has not asserted any facts to show that Mr. Cantrelle knew about Plaintiff's alleged report. (Rec. Doc. 26-1 at 8).

Next, the LPG argues that Plaintiff's allegations in his Amended Complaint concerning his participation in the investigation by the District Attorney fail to state a claim because Plaintiff still does not allege the "who, what, and when" of his alleged speech in connection with the investigation, nor does he allege that Mr. Cantrelle knew about Plaintiff's participation in the investigation, much less what Plaintiff said to the District Attorney. (Rec. Doc. 26-1 at 9). The LPG avers that the Fifth Circuit has made clear that participating in an investigation of alleged workplace misconduct does not constitute protected speech. (Rec. Doc. 26-1 at 9). The LPG emphasizes that as the Parish Administrator, Plaintiff had a duty to participate in the District Attorney's investigation of Mr. Cantrelle's conduct, a fact which distinguishes him

from a general member of the public who could not be forced to speak during such an investigation. (Rec. Doc. 26-1 at 10).

Fourth, the LPG asserts that dismissal of Plaintiff's First Amendment retaliation claim is appropriate because Plaintiff's allegation that he discussed the matter with individuals both inside and outside of Parish government is "hopelessly vague." (Rec. Doc. 26-1 at 11). The LPG emphasizes the absence of any facts in Plaintiff's Amended Complaint regarding actual speech to any particular person or Mr. Cantrelle's knowledge of such speech. (Rec. Doc. 26-1 at 11).

The LPG argues that this Court should also dismiss Plaintiff's state law claims. (Rec. Doc. 26-1 at 11). The LPG asserts that Plaintiff's claim under La. R.S. 23:967 fails because Plaintiff has not established that the phone calls at issue constituted a violation of state law as is required by the statute. (Rec. Doc. 26-1 at 11). Regarding Plaintiff's claim under La. R.S. 42:1169, the LPG argues that dismissal is required because both Louisiana state courts and the Fifth Circuit have held that the statute does not provide a private right of action. (Rec. Doc. 26-1 at 12).

### 3. Plaintiff's Opposition

In opposition to the motions to dismiss filed by Mr. Cantrelle and the LPG, Plaintiff argues that dismissal is inappropriate because Defendants' arguments are "rife with speculation" and Plaintiff has "adequately alleged specific facts which, taken as true for the purpose of the motion to dismiss, more than 'plausibly give rise to an entitlement to relief.'" (Rec. Doc. 27 at 2).

Plaintiff challenges Defendants' "attempt to characterize this matter as solely and exclusively dealing with a violation of the Open Meetings law." (Rec. Doc. 27 at 2). Relying on a recent Supreme Court ruling that state spending for employee benefits is a matter of public concern, Plaintiff concludes that Mr. Cantrelle violated the Open Meetings law by using employee benefits "as a pawn to get what he wanted from the council." (Rec. Doc. 27 at 2). Accordingly, Plaintiff asserts that his speech "was regarding matters of public concern and was as a citizen." (Rec. Doc. 27 at 3).

Plaintiff goes on to cite to *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008), to support his contention that where a plaintiff raises his "job concerns" up the chain of command and also voices them to those outside of the workplace, "those external communications are ordinarily not made as an employee, but as a citizen." (Rec. Doc. 27 at 3). Plaintiff does not address Defendants' argument that his Amended Complaint fails to allege sufficient facts concerning his alleged external communications.

Plaintiff next asserts that unlike a law enforcement officer, he does not have a duty to report crimes. (Rec. Doc. 27 at 4). He then contends that "the actions Cantrelle instructed [Plaintiff] to take were in violation of state law" pursuant to the June 11, 2014 Louisiana Attorney General opinion 14-0065. (Rec. Doc. 27 at 4). Plaintiff does not point the Court to the language from the aforementioned opinion that he alleges supports his contention.

In regard to his state law claims, Plaintiff argues that his claim under La. R.S. 42:1169 should not be dismissed despite the fact that the statute does not provide for

8

a private right of action because "it is appropriately pled[,] as a final determination of this court is binding upon the State Board of Ethics." (Rec. Doc. 27 at 5). Plaintiff asserts that this Court should likewise not dismiss his claim under La. R.S. 23:967. (Rec. Doc. 27 at 4-5). Plaintiff appears to argue that this theory should not be dismissed because nothing in the statute demonstrates an intent to exclude public employees from bringing claims for retaliatory discharge. (Rec. Doc. 27 at 5). Plaintiff does not address Defendants' argument that Plaintiff's Amended Complaint fails to show a violation of state law necessary to trigger the statute.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the

9

plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

### I. First Amendment Retaliation Claim

First, Defendants argue that Plaintiff has failed to plead a claim for First Amendment retaliation. The Fifth Circuit utilizes a four-part test to determine whether the speech of public employees is entitled to constitutional protection. "A plaintiff must establish that: (1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in speaking outweighed the governmental defendant's interest in promoting efficiency; and (4) the protected speech motivated the defendant's conduct." *Howell v. Town of Ball*, 827 F.3d 515, 522-23 (5th Cir. 2016) (citation omitted).

At issue in the present case is whether the second and fourth prongs of the test are satisfied. In determining whether speech involves a matter of public concern under *Garcetti v. Ceballos*, "a court must first decide whether the plaintiff was speaking as a citizen disassociated with his public duties, or whether the plaintiff

10

was speaking in furtherance of the duties of his or her public employment." *Howell*, 827 F.3d at 522-23 (citing *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951, 164 L.Ed.2d 689 (2006)). Only speech made in one's capacity as a citizen is entitled to First Amendment protection. *See Garcetti*, 547 U.S. at 421 ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."). In other words, the First Amendment does not protect speech made in furtherance of a public employee's official duties, regardless of whether that speech addresses a matter of public concern. *Howell*, 827 F.3d at 522-23.

The United States Supreme Court addressed this issue in *Lane v. Franks*, 134 S. Ct. 2369 (2014). In that case, the petitioner was an employee of Alabama's state-run community college system who brought a § 1983 claim alleging retaliation for exercising his First Amendment right to testify before a grand jury regarding public corruption in the college system. Ruling that the plaintiff's grand jury testimony was entitled to First Amendment protection, the Court emphasized that the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform the speech into employee—rather than citizen—speech. *Lane*, 134 S. Ct. at 2379. Rather, the Court noted, "[t]he critical question under *Garcetti* is *whether the speech at issue itself is ordinarily within the scope of an employee's duties*, not whether it merely concerns those duties." *Id*. (emphasis added).

Here, Plaintiff asserts a First Amendment Retaliation claim against both Defendants. In his Amended Complaint, Plaintiff alleges, *inter alia*:

> Defendant Cantrelle exercised a deliberate indifference in promulgating the unconstitutional policy of terminating members of his administration who speak out against illegal acts such as violating the Louisiana Open Meetings Law. *Plaintiff Bagala spoke out against these illegal acts* and this unconstitutional policy was the moving force behind Plaintiff Bagala's termination. At all times pertinent hereto, Plaintiff Bagala was exercising constitutionally protected speech as a *citizen* and *speaking out on a matter of public concern*. Plaintiff Bagala spoke out on a matter of public concern *when refusing to participate in an illegal act that violated the Louisiana Open Meetings Law, when reporting the incident to the District Attorney, when participating in the investigation by the District Attorney, and when discussing the matter with individuals both inside and outside the Parish government*. No administrative interests of Defendants outweighed Plaintiff Bagala's right to speak out about the illegal acts of its President or participate in the subsequent investigation. Defendant Cantrelle took an adverse employment action against Plaintiff in retaliation for his exercise of his First Amendment right. This action could not reasonably have been believed to be legal and was not objectively reasonable. Defendant Cantrelle's action in terminating Plaintiff was either plainly incompetent or a knowing violation of the law, or both, and thus is not entitled to qualified immunity.

(Rec. Doc. 24 at 7-8) (emphasis added). Plaintiff's complaint references four instances of speech, each of which Defendants argue fail to state a claim for relief because they are not entitled to First Amendment protection.

The first instance of speech alleged in Plaintiff's complaint—"refusing to participate in an illegal act that violated the Louisiana Open Meetings law"—appears to refer to Plaintiff's verbal objection to Mr. Cantrelle after Plaintiff made phone calls to two council members. To the extent Plaintiff asserts a cause of action for retaliation based on his speech to Mr. Cantrelle, this Court finds that the claim should be

12

dismissed because these statements were made pursuant to Plaintiff's official duties as Parish Administrator. *See e.g., Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015) (concluding that a deputy police chief was acting pursuant to his official duties when he relayed concerns to his supervisor and internal affairs that 24-hour video and audio surveillance in the interrogation rooms could present legal problems for the Sheriff's Office).

The next instance of speech alleged by Plaintiff is the report he allegedly made to the District Attorney. Plaintiff's Amended Complaint alleges, *inter alia*:

> Upon leaving the meeting [with Mr. Cantrelle], Plaintiff concluded that the actions of Cantrelle were potentially evidence of corruption, impropriety, or other malfeasance on the part of the Parish President. *He immediately contacted the District Attorney's office and reported the incident.*

(Rec. Doc. 24 at 6) (emphasis added). The question that must be resolved under *Garcetti* is whether Plaintiff's speech to "the District Attorney's office" was ordinarily within the scope of his duties as Parish Administrator. Plaintiff's Amended Complaint alleges that "[a]t no time did [Plaintiff's] duty include advising the District Attorney that the Parish President was attempting to violate the open meetings law." (*See* Rec. Doc. 24 at 2). Plaintiff, however, provides no facts in his Amended Complaint or his opposition to the instant motion to support this legal conclusion that he had no duty to report potential violations of the law to the District Attorney. In contrast, the LPG provides facts showing that Plaintiff had a duty to ensure that Parish business was performed in accordance with the law and as general counsel for the Parish and Mr. Cantrelle, the District Attorney was within the chain of command for Parish

13

employees like Plaintiff. Nevertheless, even if this Court were to accept Plaintiff's conclusory allegation as true, Plaintiff has failed to allege any facts to show that Plaintiff's speech to an unknown individual in the District Attorney's office was known to Mr. Cantrelle and motivated the firing. Accordingly, Plaintiff's claim regarding statements made to the District Attorney's office fails to satisfy the *Howell* requirements for constitutional protection and must be dismissed.

The third instance of speech alleged in Plaintiff's complaint refers to his participation in the District Attorney's investigation into Mr. Cantrelle's conduct. Specifically, Plaintiff's Amended Complaint alleges that after reporting the incident to the District Attorney's office, Plaintiff "participated in the investigation by the District Attorney by giving truthful testimony during an interview." (Rec. Doc. 24 at 6). Despite this Court's statement during oral argument on May 16, 2018 that it was unclear from the original Complaint whether Plaintiff participated in the investigation voluntarily or whether he was compelled to speak, Plaintiff did not allege any facts to resolve this uncertainty in his Amended Complaint. Plaintiff also failed to establish that Mr. Cantrelle had knowledge of Plaintiff's involvement in the investigation or what Plaintiff said to the District Attorney. Thus, Plaintiff's claim for retaliation on the basis of statements made during the District Attorney's investigation must be dismissed.

The final instance of speech upon which Plaintiff bases his retaliation claim concerns statements Plaintiff allegedly made about the phone calls to individuals inside and outside the Parish government. Specifically, Plaintiff's Amended

14

Complaint alleges that "Plaintiff spoke out regarding the matter to numerous individuals, both associated with the government and members of the public." (Rec. Doc. 24 at 6). Plaintiff has provided no facts from which the Court can assess whether this constitutes employee or citizen speech. Additionally, Plaintiff has wholly failed to establish that Mr. Cantrelle was aware of these conversations or was otherwise motivated to terminate Plaintiff's employment because of the alleged conversations. In light of Plaintiff's failure to allege details of the identities of the individuals he spoke to or any facts concerning when the conversations occurred or what Plaintiff said, this Court concludes that Plaintiff has failed to state a claim for relief.

## II. State Law Claims

Defendants next argue that Plaintiff has failed to plead a claim under Louisiana Revised Statutes 23:967 and 42:1169. Plaintiff's whistleblower claim brought pursuant to La. R.S. 23:967 appears to be premised on the notion that Mr. Cantrelle violated the Louisiana Open Meetings Law by instructing Plaintiff to make "polling" phone calls to council members. Louisiana's Whistleblower Statute provides, in pertinent part:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.

15

> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La. R.S. 23:967. "To prevail under the statute, the plaintiff must establish an actual violation of state law; a good faith belief that a violation occurred is insufficient." *Accardo v. Louisiana Health Services & Indem. Co.*, 05-2377 (La. App. 1 Cir. 6/21/06), 943 So. 2d 381, 386; *see also Ricalde v. Evonik Stockhausen, LLC*, 202 So. 3d 548, 552 (La. App. 5 Cir. 9/22/16). Here, Plaintiff has not established that the alleged phone calls actually violated any law. In fact, at least one Louisiana court has held that similar conduct does not amount to a violation of La. R.S. 23:967. *See Mabry v. Union Parish School Bd.*, 974 So. 2d 787, 789-90 (La. App. 2 Cir. 1/16/08) ("What occurred here was casual telephone encounters where several board members individually and separately discussed the situation regarding [plaintiff's] employment contract . . . informal discussions between public officials would have to reach a much more structured level with secretive binding force on at least a quorum of the membership before the Open Meetings Law would be implicated . . . .").

While a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), the court is not bound to accept as true legal conclusions or conclusory allegations couched as factual allegations. *Iqbal*, 556 U.S. at 678. Pleading the occurrence of an actual violation of law is a necessary element under La. R.S. 23:967, but it appears that Plaintiff makes only conclusory allegations that Mr. Cantrelle violated the Open

Meetings Law. *See Taylor*, 296 F.3d at 378. Thus, Plaintiff has failed to state a claim under La. R.S. 23:967.

Plaintiff has also failed to state a claim under La. R.S. 42:1169. This statute protects public employees from reprisal for disclosure of improper acts. *See* La. R.S. 42:1169. However, the Fifth Circuit has held that the statute does not provide a private right of action for a plaintiff to sue in state or federal court. *Wilson v. Tregre*, 787 F.3d 322, 328 (5th Cir. 2015) (citing *Collins v. State ex rel. Dep't of Natural Res.*, 2012–1031, p. 6–7 (La.App. 1 Cir. 5/30/13); 118 So.3d 43, 47–48). Accordingly, Plaintiff's state law claims must be dismissed.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the motions to dismiss **(Rec. Docs. 25, 26)** are **GRANTED**. Plaintiff's claims against Defendants in the above-captioned matter are hereby **DISMISSED with prejudice**.

New Orleans, Louisiana, this 4th day of February, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE